UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMIO GORGIS,<br><br>                    Plaintiff,<br><br>v.<br><br>HYPER NETWORK SOLUTIONS OF FLORIDA, LLC,<br><br>                    Defendant. | Case No.: 16cv1725-L(WVG)<br><br>**ORDER DISMISSING COMPLAINT** |

In this putative class action for violation of California consumer protection laws, Plaintiff claims federal jurisdiction based on the minimal diversity requirements of the Class Action Fairness Act, 28 U.S.C. §1332(d).  The initial complaint was filed on July 1, 2016, and dismissed on July 14, 2016, because it did not allege sufficient facts to establish federal jurisdiction.  Plaintiff was granted leave to amend pursuant to 28 U.S.C. §1653 to supplement the jurisdictional allegations.  A joint motion to extend the time to file an amended complaint, if any, was granted on July 29, 2016.  Plaintiff timely filed an amended complaint; however, the amended complaint still does not contain sufficient allegations to establish minimal diversity of the parties.  Accordingly, the amended complaint is dismissed without prejudice.

Unlike state courts, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal courts are constitutionally required to raise issues related to federal subject matter jurisdiction and may do so *sua sponte*. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999).

Plaintiff bears the burden of demonstrating that jurisdiction is properly before the Court. *See Thornhill Publ'g Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Plaintiff relies on 28 U.S.C. §1332(d)(2), which provides for federal jurisdiction over class actions where the matter in controversy exceeds $5 million, and requires that "any member of a class of plaintiffs is a citizen of a State different from any defendant." The complaint must affirmatively allege the state of citizenship of each party. *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir.1987); *see also Kanter v. Warner-Lambert, Co.*, 265 F.3d 853 (9th Cir. 2001).

Plaintiff alleges he is a California resident, and that Defendant is a limited liability company licensed in Florida. The citizenship of non-corporate business entities for purposes of diversity jurisdiction is determined by examining the citizenship of each of its members. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia Properties Anchorage. L.P.*, 437 F.3d 894, 899 (9th Cir.2006). Plaintiff alleges that Defendant is owned by Kainos Capital, LP. He does not allege the citizenship of Kainos Capital, LP. Accordingly, Plaintiff does not allege the citizenship of each of Defendant's members. The Court is therefore unable to determine Defendant's citizenship, and whether minimal diversity is present.

Because Plaintiff does not allege the facts necessary to establish minimal diversity, the complaint is dismissed without prejudice for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated:  August 10, 2016

*[signature]*
Hon. M. James Lorenz
United States District Judge